UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NWAODU UCHEMMADU,<br><br>                           Petitioner,<br><br>-against-<br><br>WARDEN, SUPERINTENDENT, NYC DEPT. OF CORRECTION; HON. ERIC GONZALEZ, SUPREME CRIMINAL COURT, BROOKLYN NYS; ADA ANDREW GRUNA; HON. RIVIEZZO DINEEN, SUPREME CRIMINAL COURT KINGS COUNTY BROOKLYN; HON. PETERSEN KIM, SUPREME CRIMINAL COURT KINGS COUNTY BROOKLYN; HON. CHU PHYLLIS, SUPREME CRIMINAL COURT KINGS COUNTY BROOKLYN; DANIEL NWALOR,<br><br>                           Respondents. | 25-CV-4487 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated in the North Infirmary Command on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241. He is challenging the lawfulness of his detention, arising from criminal proceedings pending in Brooklyn, Kings County, New York. For the following reasons, this petition is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

      A court entertaining a *habeas corpus* petition under Section 2241 must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (explaining that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of such a petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner is currently detained on Rikers Island, which is located in the East River between Bronx and Queens Counties, and is generally understood to be part of both the Southern and Eastern Districts of New York, concurrently. *See* 28 U.S.C. § 112(b)-(c); *see also Jones v. Dunbar*, No. 21-CV-6036, 7, at 2 (E.D.N.Y. Nov. 4, 2021) ("[B]oth the Southern and Eastern Districts have jurisdiction to hear *habeas* petitions from people incarcerated [on] Rikers" Island). Thus, both this court, and the United States District Court for the Eastern District of New York have jurisdiction to consider this Section 2241 *habeas corpus* action.

Petitioner's criminal proceedings are pending in the Criminal Part of the New York Supreme Court, Kings County, under Indictment No. 72866/23. While this court has jurisdiction to consider this action, because Petitioner's criminal proceedings are pending in that court, which lies within the Eastern District of New York, 28 U.S.C. § 112(c), the Court transfers this *habeas corpus* action, in the interest of justice, to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). This order closes this case.[1]

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

---

[1] Petitioner did not pay the $5.00 fee or file an application to proceed *in forma pauperis.*

2

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 2, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge