UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NWAOGU UCHEMMADU,

                Petitioner,

   - against -

WARDEN, SUPERINTENDENT, NYC
DEPT. OF CORRECTION, *et al.*,

                Respondents.
---------------------------------------------------------x
---------------------------------------------------------x
UCHEMMADU NWAOGU,

                Petitioner,

   - against -

WARDEN, SUPERINTENDENT, NYC
DEPARTMENT OF CORRECTION, *et al.*,

                Respondents.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-3345 (PKC)

**MEMORANDUM & ORDER**
25-CV-4146 (PKC)

PAMELA K. CHEN, United States District Judge:

*Pro se* Petitioner Nwaogu Uchemmadu[1] ("Petitioner") has filed two petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. Section 2241 ("Section 2241"). Both were filed in the United States District Court for the Southern District of New York and have subsequently been transferred to this Court. Petitioner filed the first action, No. 25-CV-3345, on May 27, 2025, which was transferred to this Court on June 13, 2025. (No. 25-CV-3345, Pet., Dkt. 1.) He filed the second

---

[1] Petitioner's name has been listed as both Nwaogu Uchemmadu and Uchemmadu Nwaogu. (*See, e.g.*, Pet., Dkt. 1, at ECF 1 ("Petitioner's Name: Nwaogu Uchemmadu"); *id.* at ECF 18 (referring to the "affidavit of Uchemmadu Nwaogu").) As in the Petition for this action, Petitioner wrote and signed his name as Nwaogu Uchemmadu, the Court uses the same name. (*Id.* at ECF 1, 4.)

action, No. 25-CV-4146, on July 8, 2025, which was transferred to this Court on July 28, 2025. (No. 25-CV-4146, Dkt. 1.)  Petitioner is currently detained and awaiting trial at the North Infirmary Command on Rikers Island.  Petitioner's motions for leave to proceed *in forma pauperis* are granted.  (No. 25-CV-3345, Dkt. 16; No. 25-CV-4146, Dkt. 2.)  For the reasons explained below, the Court dismisses the *habeas* petitions without prejudice.

## BACKGROUND

Petitioner challenges his confinement pursuant to Kings County Indictment No. 72866/2023.  (Pet., Dkt. 1, at ECF[2] 41.)  He alleges that he is confined due to a "false indictment[] . . . predicated through perjury, illegality, baseless lies, manipulations[,] and abuse of due process."  (*Id.* at ECF 4.)  Petitioner has been "held in incarceration for [nine] months without trial [or] bail," and states that there have been "over 50 adjournments."[3]  (*Id.*)  Petitioner has filed several amended petitions and letters in his first *habeas* action before this Court, No. 25-CV-3345.  (Dkts. 10, 14, 17–18, 20–21, 23–24.)

## LEGAL STANDARD

Section 2241 allows federal courts to grant *habeas* relief to persons "'in custody in violation of the Constitution or laws or treaties of the United States,' which can include state

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] On June 24, 2025, the Honorable Peggy Kuo, Magistrate Judge, ordered Respondents to Show Cause why a writ of *habeas corpus* should not be issued.  (No. 25-CV-3345, 6/24/2025 Order to Show Cause ("OTSC").)  She vacated this OTSC on August 8, 2025.  (No. 25-CV-3345, 8/8/2025 Docket Order.)  Still, on August 18, 2025, Respondents filed a response to Judge Kuo's OTSC.  (Opp'n to Pet., Dkt. 22.)  In this response, Respondents represent that discovery and motion practice is ongoing in the underlying state court proceeding, which has purportedly been delayed for a variety of reasons that include misreports of Petitioner's death and, "at the request of [Petitioner's counsel], the [state] court ordered [Petitioner] to undergo a psychiatric examination . . . to determine whether [Petitioner] was fit to stand trial."  (*Id.* at ECF 6–9.)

2

pretrial detainees." *Soto v. Warden, N.Y.C. Dep't of Corr.*, No. 21-CV-4068 (PKC), 2021 WL 4192861, at *2 (E.D.N.Y. Aug. 10, 2021) (quoting Section 2241 and collecting cases). "But a petitioner seeking relief under [Section 2241] must still exhaust available state court remedies." *Id.* (collecting cases). "The Court is obliged . . . to construe *pro se* pleadings liberally and interpret them 'to raise the strongest arguments they *suggest*.'" *Nazer v. Warden at Rikers Island*, No. 24-CV-5226 (LTS), 2024 WL 4109081, at *1 (S.D.N.Y. Aug. 26, 2024) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). "Nevertheless, a *pro se* litigant is not exempt 'from compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Triestman*, 470 F.3d at 477).

## DISCUSSION

Petitioner presents a number of challenges to his pre-trial detention, including claims that he was illegally arrested and imprisoned based on false testimony presented to the grand jury, that he was never indicted by the grand jury, and that his right to testify before the grand jury was waived without his consent. (Pet., Dkt. 1, at ECF 3–4.) Petitioner also alleges violations of his Sixth Amendment and New York Criminal Procedure Law Section 30.30 right to a speedy trial. (*See, e.g.*, *id.* at ECF 10 ("After over 180 days of unlawful incarceration at Rikers Island still the Judge refused to release me . . . . No trial on an offense I never committed.").) Petitioner further claims that he was "never provided . . . any legal aid[] or a public defender" in violation of the Sixth Amendment right to counsel, (Am. Pet., Dkt. 4, at ECF 13), and also states that his "hired Attorney Antoinette L. Williams has been fired since February 3[,] 2025," but "she has refused to exit from [the] case," (Pet., Dkt. 1, at ECF 73).

**I.     Challenges to Detention**

"In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special

3

circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate." *Nazer*, 2024 WL 4109081, at *2 (citations omitted). "A pending state court prosecution ordinarily provides the accused 'a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Id.* (same).

"As Petitioner brings this *habeas corpus* petition seeking relief in his ongoing criminal proceedings, the Court must consider whether it must abstain from reviewing some or all of his constitutional claims until judgment in the criminal case is final." *Id.* Some of Petitioner's assertions, such as his "assertion that prosecutors have violated his right to a speedy trial[,] may present special circumstances permitting *habeas corpus* review prior to the conclusion of his criminal proceedings." *Id.* at *3 (citing *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 493 (1973)). But, as explained further below, Petitioner has not "allege[d] facts suggesting that he has fully exhausted his state court remedies with respect to" these claims. *Id.*

**II.     Exhaustion of State Court Remedies**

"Before seeking Section 2241 federal *habeas corpus* relief, a state pretrial detainee must first exhaust [their] available state court remedies." *Nazer*, 2024 WL 4109081, at *3 (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). "In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court." *Id.* (citing N.Y.C.P.L.R. § 7001, *et seq.*). "A petitioner who has not exhausted available state court remedies generally may seek a writ of habeas corpus in federal court only if [they]: (1) establish[] cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrate[] that the failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

4

Here, Petitioner alleges that he has pursued his state court remedies by raising his claims in motions before the state court. (Pet., Dkt. 1, at ECF 7, 10–11.) But he does not allege that he has appealed the denial of these motions all the way up to the New York Court of Appeals. And, as Respondents state, "if [he] is convicted at trial, [Petitioner] will be able to raise these claims on direct appeal before the Appellate Division, Second Department." (Opp'n to Pet., Dkt. 22, at ECF 19 (citing N.Y. Crim. Proc. L. §§ 450.90(1), 460.20(1)).) The Court, therefore, finds no proper basis for intervention in Petitioner's ongoing state court criminal proceeding, and dismisses Petitioner's petitions for a writ of *habeas corpus* without prejudice.[4]

## CONCLUSION

The petitions for a writ of *habeas corpus*, filed under 28 U.S.C. § 2241, are dismissed without prejudice. A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment in and close each case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 16, 2025
Brooklyn, New York

---

[4] The Court has also considered Petitioner's other claims relating to his ongoing state court criminal proceeding and does not find them to warrant this Court's intervention at this time.